UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

_____

| | |
|---|---|
| AMANDA CARROLL ) | |
| Plaintiff, ) | |
| ) | COMPLAINT AND |
| v. ) | DEMAND FOR JURY |
| ) | TRIAL |
| PAYTEK SOLUTIONS, LLC ) | |
| Defendant. ) | |
| ) | |

_____

Plaintiff, Amanda Carroll, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Iowa Debt Collection Practices Act, Iowa Code § 537.7103 (2007), for a declaration that Defendant's, Paytek Solutions, LLC, debt collection practices violate the FDCPA and the Iowa Debt Collection Practices Act, and to recover damages for Defendant's violation of the FDCPA and the Iowa Debt Collection Practices Act, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper in the Southern District of Iowa because Defendant, Paytek Solutions, LLC, transacts business here and the conduct complained of occurred here.

**PARTIES**

3. Amanda Carroll, (hereinafter "Plaintiff"), is a citizen of the State of Iowa, residing at 5120 Tamara Lane, West Des Moines, Polk County, from whom Defendant attempted to collect a delinquent consumer debt.

4. Paytek Solutions, LLC, (hereinafter "Defendant"), is a limited liability company organized in Tennessee, with its principal place of business and registered agent located at 4821 American Way, # 202, Memphis, Tennessee, 38118.

5. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses instrumentalities of interstate commerce for the purpose to collect, or attempt to collect, delinquent consumer debts, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant is a debt collector as a defined by Iowa Code § 537.7102(5) because Defendant is a person engaging directly or indirectly, in debt collection for their person or the person's employer.

**FACTUAL ALLEGATIONS**

7. Plaintiff incurred a financial obligation to Hubble Animal Hospital. The debt was primarily incurred for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Plaintiff incurred a debt, an actual or alleged obligation arising out of a consumer credit transaction, as defined by Iowa Code § 537.7102(3), to Hubble Animal Hospital.

9. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned or otherwise transferred to Defendant for the purposes of collecting said debt.

10. Plaintiff filed a bankruptcy petition seeking relief pursuant to Title 11 of the United States Code in the Bankruptcy Court for the Southern District of Iowa on April 12, 2007 (Case Number 07-01142lmj7).

11. The last date to object to the dischargeability of the debt is July 20, 2007.

12. Prior to May 23, 2007, Plaintiff and one or more agents of Defendant held at least two telephone conversations.

13. Plaintiff advised the Defendant in each telephone conversation that she had filed bankruptcy and had listed the underlying debt. The Defendant advised the Plaintiff on each occasion that the Plaintiff may not be civilly liable but could be criminally prosecuted.

14. On or about May 23, 2007, Plaintiff and a representative for the Defendant had a telephone conversation.

15. During the telephone conversation of May 23, 2007, a representative of the Defendant stated to the Plaintiff, "We've been retained by this veterinary clinic to bring action against you."

16. The representative of the Defendant further stated to Plaintiff, "Uh, when can you resolve this matter voluntarily?"

17. In response to the preceding question, Plaintiff stated, "I need to clarify something real quick, um, if I pay these you will not file criminal charges, right?"

18. The representative of the Defendant responded, "If they paid on or before the second of June, no."

19. Plaintiff then stated, "Ok, but if, and if I don't pay them, then you're going to file with the Polk County District Attorney and file criminal charges and everything else, correct?"

20. Defendant stated, "Yes, yes ma'am."  "That's normally how the process goes."

21. In more than one telephone conversation, the Defendant implied that Plaintiff had committed a crime or other conduct in order to disgrace the Plaintiff.

22. On or about May 23, 2007, Defendant sent Plaintiff a letter.  A true and accurate copy of the May 23, 2007, letter sent by Defendant, is attached hereto, marked Exhibit A, and by this reference is incorporated herein.

23. The May 23, 2007 letter was in an attempt to collect a debt that was otherwise not collectable by statute.

24.  As a result of Defendant's violations, the Plaintiff has sustained actual damages.

**FIRST CLAIM FOR RELIEF**

25.  Plaintiff incorporates by reference each paragraph alleged above.

26. The foregoing acts of Defendant constitute violations of the FDCPA, including but not limited to: 15 U.S.C. §§1692e(4), 1692e(5), 1692e(7), and 1692e(10) and 1692f(1), evidenced by the following conduct.

27. Defendant violated 15 U.S.C. § 1692e(4) by implying that nonpayment of the debt will result in the arrest or imprisonment of the Plaintiff when no such action was intended by the Defendant.

28. Defendant violated 15 U.S.C. § 1692e(5) by falsely threatening imminent actions not intended and not taken within the time frame threatened, June 2, 2007.

29. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff.

30. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means in an attempt to collect a debt because Defendant stated that criminal charges would be filed if Plaintiff did not pay the debt. Further, Defendant stated that if Plaintiff paid the debt, no criminal charges would be filed.

31. Defendant violated 15 U.S.C. § 1692e(10) by creating a false sense of urgency that if the debt were not paid, the Plaintiff would be criminally prosecuted.

32. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a debt when the debt's collection is expressly prohibited by 11 U.S.C. § 362.

33. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment, statutory damages, costs, and attorney fees.

## SECOND CLAIM FOR RELIEF

34. Plaintiff incorporates by reference each paragraph alleged above.

35. The foregoing acts of Defendant constitute violations of the Iowa Debt Collections Practices Act including but not limited to: Iowa Code §§ 537.7103(1)(b), 537.7103(1)(e), and 537.7103(4)(i), evidenced by the following conduct.

36. Defendant violated Iowa Code § 537.7103(1)(b) because Defendant falsely accused or threatened to falsely accuse Plaintiff of fraud and other crimes.

37. Defendant violated Iowa Code § 537.7103(1)(e) because Defendant falsely threatened that nonpayment of the debt may result in arrest of Plaintiff or the seizure, garnishment, attachment or sale of property or wages of Plaintiff.

38. Defendant violated Iowa Code § 537.7103(4)(i) because Defendant used fraudulent, deceptive, or misleading representations or means in an attempt to collect a debt from Plaintiff to wit Defendant falsely represented to or made a representation to Plaintiff which tended to create a false impression about the status and true nature of the services rendered by Defendant.

39. As a result of the above violations of the Iowa Debt Collection Practices Act, Defendant is liable to Plaintiffs for a declaratory judgment, statutory damages, costs, and attorney fees.

## DEMAND FOR JURY TRIAL

The undersigned on behalf of the Plaintiff hereby demands trial by jury in the above-captioned matter.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant, order the Defendant to pay statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Iowa Code § 537.5201(1)(y), order the Defendant to pay the costs of this action pursuant to 15 U.S.C. §1692k(a)(3), order the Defendant to pay Plaintiff's attorney fees pursuant to 15 U.S.C. §1692k(a)(3), and provide declaratory and injunctive relief for the Defendant's violations of the FDCPA and the Iowa Debt Collection Practices Act.

MARKS LAW FIRM, P.C.

 /s/ Samuel Z. Marks  
Samuel Z. Marks IS9998821  
4225 University Avenue  
Des Moines, Iowa 50311  
(515) 276-7211  
FAX  (515) 276-6280  
ATTORNEY FOR PLAINTIFFS